UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER FELIZ,

                Plaintiff,

           -against-

JUNG PARK; ABRAHAM CLOTT; CHARLES SOLOMON; TONY DURANTE; PEOPLE OF THE STATE OF NEW YORK; COUNTY OF NEW YORK,

                Defendants.

20-CV-2014 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff Alexander Feliz, currently detained in the George R. Vierno Center (GRVC) on Rikers Island, brings this *pro se* action under 42 U.S.C. §1983, alleging that Defendants are violating his constitutional rights. By order dated June 19, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this complaint alleging that he is being illegally detained under indictment number 00814/2017. Named as Defendants are Assistant District Attorney Jung Park, Judge Abraham Clott, Judge Charles Solomon, Warden Tony Durante, the People of the State of New

York, and the County of New York. A review of the records of the New York City Department of Correction reveals that Plaintiff is currently remanded under indictment number 00814/2017, for a charge of murder in the second degree, a class A felony.

A review of the Public Access to Court Electronic Records (PACER) system reveals that on December 19, 2019, Plaintiff filed the same complaint against the same Defendants, challenging his detention under indictment number 00814/2017, and that action was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See Feliz v. Park*, ECF 1:19-CV-11661, 6 (S.D.N.Y. Feb. 3, 2020). A review of PACER also reveals that on December 30, 2019, Plaintiff filed an identical complaint in the United States District Court for the District of Columbia. *See Feliz v. Park*, No. 19-CV-03861 (UNA) (D.D.C. filed Dec. 30, 2019).

## DISCUSSION

Any claims Plaintiff may be seeking to raise in this complaint are barred by the doctrine of *res judicata* or claim preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits;

(ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g., Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff previously filed an action in this Court against Defendants, arising from the same actions Plaintiff alleges in this complaint. Plaintiff's previous action was adjudicated on the merits. A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v.*

*Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).

Because Plaintiff's present claims arise out of the same transactions and occurrences that were the subject of the previous action in this Court, these claims are barred by the doctrine of claim preclusion.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's request for counsel (ECF No. 4) is denied as moot.

SO ORDERED.

Dated: June 25, 2020
       New York, New York

                                                  Louis L. Stanton
                                                  U.S.D.J.